**IN THE UNITED STATES DISTRICT COURT**

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 JUL 22  PM 1: 34

**FOR THE DISTRICT OF WYOMING**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | **No.** 21 CV 87-NDF |
| Plaintiff, | **Cts 1-5:** |
|  | **18 U.S.C. § 1343** |
| v. | (Wire Fraud) |
|  | **Cts 6-10:** |
| **DAVID A. JACKSON, a/k/a Gerald David Jackson, a/k/a Gerald D. Roderick-Jackson.** | **26 U.S.C. § 7202** |
|  | (Willful Failure to Collect or Pay Over Tax) |
| Defendant. | **Ct 11:   26 U.S.C. § 7206(1)** |
|  | (Filing False Tax Returns) |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### *Introductory Allegations*

1.      At all relevant times, the Defendant, **DAVID A. JACKSON, a/k/a Gerald David Jackson, a/k/a Gerald D. Roderick-Jackson**, lived and worked in Gillette, Wyoming and went by the names David or David A. Jackson, Gerald or Gerald D. Jackson, Gerald D. Roderick-Jackson or David Roderick-Jackson.

2.      Beginning in or about October 2017, and continuing through on or about April 27, 2019, T.K., a person known to the grand jury and a resident of Wyoming, employed the Defendant as an office manager for businesses owned and operated by T.K. in and around Gillette, Wyoming, including Badlands Energy Services Inc. and Wyoming Transfer LLC (collectively, "the Employer").

3.      As an employee of the Employer, the Defendant was responsible for handling all financial aspects of the Employer's businesses, including bookkeeping, payroll, invoicing, and

paying bills.  The Defendant was also responsible for collecting, accounting for, and paying over to the Internal Revenue Service (IRS) the federal income taxes and Federal Insurance Contributions Act ("FICA") taxes withheld from the Employer's employees.

4.      The IRS is an agency of the United States Department of Treasury that is responsible for administering and enforcing the tax laws of the United States.

5.      Employers are required to withhold, truthfully account for, and pay over to the IRS a variety of taxes from employee wages, including federal income taxes and FICA taxes, which include Medicare and Social Security taxes. These taxes are collectively referred to as "trust fund taxes," because employers are required to hold them in trust on behalf of their employees and pay them over to the IRS.

6.      Employers must use a Form 941, Employer's Quarterly Federal Tax Return, to report to the IRS the wages, tips, and other compensation paid to employees, the total amount of federal income tax withheld, the total amount of FICA taxes withheld, and the total tax deposits.

7.      The Defendant exercised control over the Employer's finances, including those of Badlands Energy Services Inc. and Wyoming Transfer LLC, and was the person responsible for collecting, accounting for, and paying over trust fund taxes to the IRS on behalf of the Employer. Thus, the Defendant had a duty to withhold, account for, and pay over to the IRS these trust fund taxes on behalf of the Employer.

8.      While employed with the Employer, the Defendant also operated a taxi business in Casper and Gillette, Wyoming.  The Defendant's taxi business operated under the names Need-A-Ride Taxi Cab LLC, Need-A-Ride Transportation, Inc., All Star Transportation, Inc., and/or WYRide LLC.

2

## COUNTS ONE – FIVE
### *(Wire Fraud)*

9.     Paragraphs 1 through 8 are hereby re-alleged and incorporated by reference.

10.     Beginning on or about February 13, 2018, and continuing through on or about May 8, 2019, the Defendant **DAVID A. JACKSON, a/k/a Gerald David Jackson, a/k/a Gerald D. Roderick-Jackson**, with intent to defraud, knowingly devised, intended to devise, and participated in a scheme and artifice to defraud the Employer and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises. As part of the scheme, the Defendant diverted the financial assets of the Employer for his own personal use by making unauthorized payroll withdrawals from the Employer's bank account, by making unauthorized charges to the Employer's credit cards, and by making unauthorized cash advances from the Employer's Wex, Inc. account.

### The Scheme and Artifice

11.     The Defendant's scheme and artifice consisted of regularly and routinely using the Employer's credit cards and funds to pay for unauthorized personal charges and expenditures, to include business expenses related to his taxi business.

12.     As part of his scheme and artifice, the Defendant used at least three credit cards of the Employer to pay for personal charges and expenditures, to include business expenses related to his taxi business. Such charges and expenditures included, among other things, Federal Express shipping charges incurred by WYRide LLC, fuel for his taxi vehicles, payment for vehicle repairs to his personal and taxi vehicles, and payment of attorney's fees for his personal and taxi business matters.

13.     As part of his scheme and artifice, the Defendant routinely withheld trust fund taxes from the Employer's employees but failed to pay those trust fund taxes to the IRS.

14.     As part of his scheme and artifice, the Defendant regularly caused electronic transfers of payments from the Employer's bank account at Sundance State Bank, to the Defendant's personal and/or taxi business accounts at First Interstate Bank and Customers Bank.

15.     As part of his scheme and artifice, the Defendant used his position, knowledge, and access to the Employer's books and bank accounts, as well as information about the Employer, to hide the payments of his unauthorized withdrawals, cash advances, and personal charges and expenditures by, among other things, failing to accurately record the payments and/or by misstating the true nature of the payments in the Employer's records.

16.     As a result of this scheme, the Defendant fraudulently obtained at least $150,000 from the Employer.

17.     On or about the following dates, in the District of Wyoming and elsewhere, the Defendant, **DAVID A. JACKSON, a/k/a Gerald David Jackson, a/k/a Gerald D. Roderick-Jackson**, for the purpose of executing the scheme described above, caused to be transmitted in interstate commerce by means of wire communication, certain writings, sign, signals and sounds described below, each transmission constituting a separate count:

| Count | Date | Wire Transmission |
|---|---|---|
| 1 | 2/13/2018 | Use of the Employer's American Express credit card to pay $2,500 in legal fees to Steven Titus & Associates |
| 2 | 4/3/2018 | Transfer of $5,287.44 from the Employer's Sundance State Bank Acct. No. ending 0487 to Defendant's First Interstate Bank Acct. No. ending 3449 |
| 3 | 1/7/2019 | Use of the Employer's ComData Fleet credit card to pay $2,395.71 in vehicle repairs to C&J Auto Repairs in Casper, WY |
| 4 | 4/2/2019 | Use of the Employer's Wex Fleet credit card to purchase $52.04 in fuel at the Flying J in Casper, WY |
| 5 | 5/7/2019 | Use of the Employer's Wex, Inc. account to issue a $950 Emergency Funds Check to G.D., an employee of Defendant's taxi business |

In violation of 18 U.S.C. § 1343.

## COUNTS SIX - TEN
### *(Failing to Truthfully Account for and Pay Over Trust Fund Taxes)*

18.     Paragraphs 1 through 8 are hereby re-alleged and incorporated by reference.

19.     As part of his duties, the Defendant withheld trust fund taxes from Badlands Energy Services Inc. and Wyoming Transfer LLC employee paychecks for the first quarter of 2018 through and including the first quarter of 2019 totaling approximately $89,727.

20.     On or about the dates listed below, in the District of Wyoming, the Defendant, **DAVID A. JACKSON, a/k/a Gerald David Jackson, a/k/a Gerald D. Roderick-Jackson**, did willfully fail to truthfully account for and pay over to the Internal Revenue Service all of the trust fund taxes withheld from the employees of Badlands Energy Services Inc. and Wyoming Transfer LLC and due and owing to the United States of America for the specified tax period, with each calendar quarter constituting a separate count:

| COUNT | Tax Period | Due Date | Trust Fund Taxes Owed |
|---|---|---|---|
| 6 | First Quarter, 2018 | April 30, 2018 | $21,180.80 |
| 7 | Second Quarter, 2018 | July 31, 2018 | $20,702.23 |
| 8 | Third Quarter, 2018 | October 31, 2018 | $19,532.18 |
| 9 | Fourth Quarter, 2018 | January 31, 2019 | $15,667.44 |
| 10 | First Quarter, 2019 | April 30, 2019 | $12,645.04 |

In violation of 26 U.S.C. § 7202.

## COUNT ELEVEN
### *(Filing False Individual Income Tax Return)*

21.     On or about January 13, 2019, in the District of Wyoming, the Defendant, **DAVID A. JACKSON, a/k/a Gerald David Jackson, a/k/a Gerald D. Roderick-Jackson**, then a resident of Gillette, Wyoming, did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for the calendar year 2018, which was verified by a written declaration that it was made under the penalties of perjury, and which the Defendant did not believe to be true and correct as to

5

every material matter. That income tax return was filed with the Internal Revenue Service and falsely reported "wages, salaries, tips, etc." in the amount of $22,129 and "adjusted gross income" in the amount of $22,129, when in fact, as the Defendant then well knew, these numbers were false because he received wages and income in excess of the amount stated in the income tax return, including approximately $24,246 in additional wages and at least $111,761 in monies embezzled from the Employer in 2018.

In violation of 26 U.S.C. § 7206(1).

## Forfeiture Allegation

Paragraphs 1 through 17 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

Upon conviction of any offense in violation of 18 U.S.C. § 1343, the defendant, **DAVID A. JACKSON, a/k/a Gerald David Jackson, a/k/a Gerald D. Roderick-Jackson**, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property, which constitutes or is derived from proceeds traceable to the commission of the offense.

The property to be forfeited to the United States includes but is not limited to the following:

MONEY JUDGMENT:

A sum of money, representing all property constituting or derived from proceeds traceable to the commission of the offense.

SUBSTITUTE ASSETS:

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

A. Cannot be located upon exercise of due diligence;

B. Has been transferred or sold to, or deposited with, a third person;

C. Has been placed beyond the jurisdiction of the Court;

D. Has been substantially diminished in value;

E. Has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

_Ink Signature on File in Clerk's Office_
FOREPERSON

L. ROBERT MURRAY
Acting United States Attorney

## PENALTY SUMMARY

**DEFENDANT NAME:**   **DAVID A. JACKSON, a/k/a Gerald David Jackson, a/k/a Gerald D. Roderick-Jackson**

**DATE:**   July 20, 2021

**INTERPRETER NEEDED:**   No

**VICTIM(S):**   Yes

**OFFENSE/PENALTIES:**

**Cts: 1 – 5:**   **18 U.S.C. § 1343**
(Wire Fraud)

0 - 20 years imprisonment
Up to $250,000 Fine
Up to 3 years supervised release
$100 Special Assessment
Restitution as may be ordered by the Court

**Cts: 6 – 10:**   **26 U.S.C. § 7202**
(Willful Failure to Collect or Pay Over Tax)

0 - 5 years imprisonment
Up to $10,000 Fine
Up to 3 years supervised release
$100 Special Penalty Assessment
Restitution as may be ordered by the Court

**Ct: 11**   **26 U.S.C. § 7206(1)**
(False Statement on Tax Return)

0 - 3 years imprisonment
Up to $100,000 Fine
Up to 1 year supervised release
$100 Special Penalty Assessment
Restitution as may be ordered by the Court

**TOTALS:**   0 - 128 Years Imprisonment
Up to $1,400,000 Fine
Up to 3 Years Supervised Release
$1,100 Special Assessment

| | |
|---|---|
| **AGENT:** | Jacob W. Rice, IRS |
| **AUSA:** | Margaret M. Vierbuchen, Assistant United States Attorney |
| **ESTIMATED TIME OF TRIAL:** | 1 to 5 days |
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** | No |