FILED

11:51 am, 12/8/22

Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **Criminal No: 21-CR-87-F** |
| v. | |
| **DAVID A. JACKSON, a/k/a Gerald David Jackson, a/k/a Gerald D. Roderick-Jackson,** | |
| Defendant. | |

---

### OPINION AND ORDER ON DEFENDANT'S MOTION (ECF 84) AND AMENDED MOTION (ECF 92) TO CORRECT CAPTION AND AMEND JUDGMENT OF COMMITMENT

---

THIS MATTER comes before the Court on Defendant's pro se motions to amend the caption and the amended judgment. ECF 84, 92. Defendant argues that the names reflected in the caption and amended judgment are incorrect because he changed his name before the judgment entered. ECF 84 requests to change his name in the caption to David A. Jackson-Mackay with three f/k/a names: David A. Jackson, Gerald David Jackson, and Gerald D. Roderick-Jackson. ECF 92 amends ECF 84 to change several of the allegations and to request this case reflect his name as David A. Mackay with the same three f/k/a names. It appears Defendant requests this relief so that when he is transferred to the Bureau of Prisons ("BOP") to begin his sentence, they will have him under his current name. The government has filed a response to ECF 84 and opposes the motion on several grounds.

Defendant does not cite a rule or statute governing his request. As the Court stated

1

in denying Defendant's June 10, 2022 motion (ECF 68) to amend the caption, this type of motion is one to correct the sentence under Federal Rule of Criminal Procedure 35. As such, it had to be filed within 14 days of the entry of judgment, or June 7, 2022. ECF 71 (Order of June 10, 2022).

Federal Rule of Criminal Procedure 36 would only allow correction of clerical errors, and there is no clerical error regarding the names noted for Defendant in the caption or the judgment. These are the names for Defendant in the indictment. Defendant does not dispute that he has used the names David A. Jackson, Gerald David Jackson, and Gerald D. Roderick-Jackson. The government notes these are names he used during the time period of his offense in this case.

Defendant cites *United States v. White,* 2011 U.S. Dist. LEXIS 109889 or 2011 U.S. Dist. LEXIS 43438 (D. Kan. 2011), as a case addressing a defendant's request to amend the judgment to reflect only the new name he legally adopted after entry of the criminal judgment. The district court assumed it had jurisdiction to amend the judgment. The district court denied the request because it would "result in confusion and create record-keeping problems for the federal courts." *United States v. White,* CR 09-20147-KHV, 2011 WL 13174484, at *1–2 (D. Kan. Apr. 21, 2011), *aff'd*, 490 F. App'x 979 (10th Cir. 2012). On denying reconsideration, the district court made plain that the applicable Bureau of Prisons ("BOP") policy would add the offender's new name as an alias to his committed name in the BOP records – once he provided BOP with a certified copy of the state court order changing his name. *Id.,* 2011 WL 13174472, at *2 (D. Kan. Sept. 26, 2011). On

appeal, the Tenth Circuit assumed the district court had jurisdiction to hear the request and affirmed, finding no abuse of discretion in denying the offender's request.

In this case, assuming the Court has jurisdiction to hear the request, Defendant does not show relief is warranted.

Defendant contends that his names in the amended judgment are not his current name. In ECF 84, he says he is David A. Jackson-Mackay. This is based on a divorce decree of May 5, 2022 from the District Court for the Eighth Judicial District in Platte County, Wyoming. ECF 84-7 (uncertified copy attached to Defendant's motion as Ex. 7). The divorce decree is dated nineteen days before his original judgment in this case and twenty days before his amended judgment. However, the government points out that Defendant completed the proposed decree indicating Jackson-Mackay as his former surname. But his surname prior to his marriage to Mr. Mackay was instead David Andrew Jackson, as reflected on the marriage license Defendant attached as Exhibit 2 (ECF 84-2). The proposed decree included Defendant's signature certifying that all statements therein were correct. ECF 84-7. It appears the state court judge signed the proposed decree without modification based on Defendant's inaccurate (or fraudulent) certification of accuracy.

The Court must give only "the same full faith and credit" to the divorce decree as the judgment has "by law or usage in the courts of such State." 28 U.S.C. § 1738. Wyoming law sets aside or modifies judgments obtained by fraud (extrinsic or intrinsic). *See, e.g.,* Wyo. Stat. Ann. § 1-16-401 (a court can vacate or modify its judgment "[f]or

mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order"; or "[f]or fraud practiced by the successful party in obtaining a judgment or order"). The name-change provision of the Wyoming divorce decree is either fraudulent or a mistake. The Court is also unwilling to accept an uncertified copy of the divorce decree. 28 U.S.C. § 1738. Accordingly, Defendant has not shown that he legally changed his name to the one he requests in ECF 84. That motion is DENIED.

As for the name that Defendant requests in his amended motion ECF 92, David A. Mackay, Defendant apparently chose this name because it was his legal name at the time the indictment issued. It may be that Defendant also recognizes after the government's response that the May 5, 2022 divorce decree's name-change provision is incorrect, if not fraudulent. But again, Defendant has not shown that he was legally named David A. Mackay when the judgment entered in this case. To the contrary, at that time, Defendant purportedly had changed his name to David A. Jackson-Mackay in the Wyoming divorce decree. Accordingly, ECF 92 is DENIED.

In addition, even if Defendant had shown his legal name at the time of judgment was David A. Mackay, he does not show good cause to amend the judgment to reflect that as his then-current name. Defendant does not cite any authority that the judgment must be in his current legal name. Doing so would cause even more confusion for the Court's record-keeping than Defendant's multiple names have already caused. For one thing, Mackay is the former married name that Defendant had attempted to change, until his amended motion. For another, Defendant does not show that the name and f/k/a names on

the judgment are erroneous. They are among many names that Defendant has used in this offense and his prior offenses, each of which involved a form of fraud or deceit. The Presentence Report for instance lists thirteen versions of names that he has used as aliases.[1]

Defendant's reply recognizes that he has used at least seven different names over the many years in which he has been in the criminal justice system: Gerald David Shupe, Jr.; Gerald David Roderick; Gerald David Manzanares; Gerald David Jackson; David Andrew Jackson; David Andrew Mackay; and David Andrew Jackson-Mackay. ECF 93 at 4. But even in that list, there are at least two significant problems. First, he states that from his birth (March 1, 1985) until June 30, 2007, he went by the name Gerald David Shupe, Jr. This is the name that the Presentence Report states as his birth name (according to his mother, ¶ 62), but it is not the name on the photo of a birth certificate that he submitted with his motion: David Andrew Jackson. ECF 84-1. The birth certificate issued in 2018, and perhaps it reflects his then-changed name. But Defendant does not explain. Second, Defendant's list also omits that he went by Gerald David Shupe Roderick, a name under which he filed seven civil actions in this Court. Even during the pendency of this case alone, Defendant has used multiple names in his filings with the Court – sometimes using David A. Mackay, other times using David A. Jackson-Mackay, etc.

It is therefore not surprising that the criminal justice system still knows Defendant

---

[1] Those aliases are: Gerald David Shupe, Jr. (birth name), Jerry Shupe (nickname), Gerald D. Shupe-Roderick, Gerald David Shupe-Roderick, Roderick Shupe, Gerald D. Shupe, Gerald D. Roderick, Gerald David Roderick, Gerald Roderick, Gerald Manzanares, Gerald Davis Manzanares, Gerald David Manzanares, and Gerald A. Jackson-Mackay.

Defendant did not make any factual objections to the presentence report, and the Court adopted it as its findings of fact. ECF 75 (Tr.) at 3.

by multiple names: the Wyoming Department of Corrections has him as Gerald D. Manzanares (#34153); this Court has him in this case as David A. Jackson, f/k/a Gerald David Jackson, f/k/a Gerald D. Roderick-Jackson. The record does not reflect whether the U.S. Marshals still have Defendant as Gerald Shupe. This is the name under which the Marshals arrested him in 2013, according to an email that Defendant attaches to his reply. ECF 93-2.

As noted above, the government's indictment used the names David A. Jackson, Gerald David Jackson and Gerald D. Roderick-Jackson apparently because those were the names of which the government was aware from Defendant's offense in this case. Including aliases in the indictment is appropriate when there is evidence the defendant used that name. *United States v. Skolek,* 474 F.2d 582, 586 (10th Cir. 1973). Although the government perhaps could have chosen to list even more aliases for Defendant in the indictment, Defendant does not cite any legal authority that the government was wrong to not include the aliases Defendant began using *after* the offense conduct, *i.e.,* David A. Mackay and David A. Jackson-Mackay.

Defendant contends that the government's counsel agreed to change the name on the indictment, when Defendant raised the issue at the change of plea and sentencing hearings. This is incorrect. Defendant raised the issue at his change of plea in February 2022. But at that point he argued only that his detention center had him as Gerald Shupe and because there was no record of mental health services for him under that name, there was an issue in obtaining those services. ECF 51 (Tr.) at 28. The government's counsel

said she would work with the U.S. Marshals on that issue, and the email Defendant attaches to his reply shows that she did so. Defendant did not raise any issue regarding his name(s) at the sentencing hearing. ECF 75 (Tr.).

Finally, it appears that Defendant seeks to change the names in this case not for any legitimate purpose – he does not for instance point to any lack of services because of the names used in this case – but instead to make it more difficult for this conviction to be traced to him. Offenders often use aliases to conceal their identity. *Cf., United States v. Glass,* 128 F.3d 1398, 1408 (10th Cir. 1977) ("A defendant's use of an alias to conceal his identity from law enforcement officers is relevant as proof of consciousness of guilt").

Despite having a history of fraud and theft convictions dating back to when he was sixteen, it appears this is Defendant's first federal conviction. The victim in this case testified that he "was unable to find out [Defendant's] true history because it was masked and covered in investigations and things. So it was not public, so I wasn't able to find that out." ECF 75 at 26. The presentence report reflects that Defendant's mother reported Defendant has thus far struggled his entire life with being truthful and taking responsibility for his actions. ECF 54 ¶ 62. She loves him, but she never knows what name he is using. She knows he uses many different names, and when he is arrested, he rarely tells her the truth about what led to it. She wishes he would accept that he has to be honest and take responsibility for his actions. From these facts, and the long list of both fraud or theft convictions, and the equally long list of names that Defendant has used, it appears he wishes to change the name on this conviction – to either of two names he began using after

this conduct – to help him conceal his identity and this conviction. This is a further reason the Court denies both motions.

Any further motions from Defendant regarding his name will be summarily denied. The Court has heard Defendant on three motions on this issue and denied his requests. If Defendant still believes he needs additional names recognized by BOP when he enters their custody, Defendant should follow BOP's policy and process for recognizing name changes. But Defendant should take note: even when an offender changes his name for a legitimate reason, such as religious purposes, he is not entitled to be "known *only* by his new legal name." *White*, 2011 WL 13174472, at *2.

For the foregoing reasons, IT IS ORDERED THAT Defendant's motions ECF 84 and 92 are DENIED.

DATED this 8th day of December 2022.

_____
NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE